Dear Mr. Jackson:
Your request for an Attorney General Opinion concerning the proposed New Orleans City Council ordinance regarding employee substance abuse and rehabilitation has been forwarded to me for research and reply.
You asked the following question:
 Is a city ordinance, which requires that the city offer an employee who has tested positive for drug use the opportunity to enroll in a certified substance abuse rehabilitation program with the stipulation that the employee will not be terminated unless he fails to complete the rehabilitation program or reasonable aftercare, valid?
R.S. 49:1001 — 1015, which became effective January 1, 1991, provide for drug testing procedures and standards. Because these provisions are relatively new, there is, as yet, no case law on them.
R.S. 49:1015 provides for drug testing of public employees under certain conditions. Under this provision, a public employer may require testing of prospective employees, of employees involved in an accident while in the course and scope of employment, and under other circumstances which create a reasonable suspicion that drugs are being used. Additionally, a program of random drug testing may be implemented to test y employees in "safety-sensitive" or "security-sensitive" positions. This statute also states that any drug testing of a public employee "shall occur pursuant to a written policy, duly promulgated, and shall comply with the provisions of this Chapter."
Although R.S. 49:1015 specifically deals with public employee drug testing, R.S. 49:1001 (8) defines "employer" as "any person, firm, or corporation, including any governmental entity . . . ." (Emphasis added.) Thus, the remainder of the provisions would also apply to a public employer such as the City of New Orleans.
R.S. 49:1011 (B) states that:
 An employer may, but shall not be required to, afford an employee whose drug test is certified positive by the medical review officer the opportunity to undergo rehabilitation without termination of employment.
R.S. 49:1005 clearly contemplates that an employer may attach conditions or consequences to the result of an employee's drug test; it mandates the use of certified laboratories for drug testing the samples collected if "as a result of such testing, mandatory or discretionary consequences will be rendered to the individual." (Emphasis added.)
R.S. 49:1008 (E) also infers that an employer may attach consequences to an employee who tests positive for drug use as shown by a "confirmatory test," stating:
 Except in pre-employment screening, the results of the initial screening drug test may not be used as a basis for rendering permanent mandatory or discretionary consequences to the individual submitting the specimen.
In conclusion, R.S. 49:1011 expressly gives an employer the right to give the employee who has tested positive for drug use the opportunity to undergo rehabilitation without termination of employment. At least two sections, R.S. 49:1005 and 49:1008, contemplate that "mandatory or discretionary consequences" may be rendered to the employee whose second confirmatory test is positive. Thus, as a mandatory or discretionary consequence to a confirmed positive drug test, under Louisiana's statutory scheme, an employee could be required to successfully complete a drug rehabilitation or aftercare program as a condition for continued employment.
Therefore, it is the opinion of this office that the proposed New Orleans City Ordinance, requiring an employee who has been confirmed as testing positive for drug use to complete a rehabilitation program or other reasonable conditions of aftercare in order to avoid termination, would be a valid exercise of an employer's right to attach mandatory or discretionary consequences pursuant to R.S. 49:1001 et seq.
We hope this sufficiently answers your inquiry. If we can be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: BETTY G. RATCLIFF Assistant Attorney General
BGR/sff #0150a